UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21676-CIV-LENARD/GOODMAN

"IN ADMIRALTY"

MIAMI BEACH MARINA
ASSOCIATES, LTD., et al.,

    Plaintiffs,

v.

M/Y "OUT OF AFRICA," her engines,
tackle, equipment, apparel, etc., *in rem*,

    Defendant.
_____/

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

THIS CAUSE is before the Undersigned upon the District Court's referral of Plaintiffs Miami Beach Marina Associates, Ltd., and RCI Marine, Inc.'s (collectively, "Plaintiffs") Motion for Appointment of Substitute Custodian. [ECF Nos. 4; 5]. The Undersigned has reviewed the motion and the pertinent portions of the record.

It is hereby **ORDERED** and **ADJUDGED** that Plaintiffs' Motion is **granted** as follows:

1.    Plaintiff RCI Marine, Inc. is appointed the substitute custodian of the Defendant M/Y OUT OF AFRICA (the "Vessel") to retain the Vessel in its custody for possession and safekeeping for the compensation of $2.00 per foot per day, until further order of this Court. However, RCI Marine, Inc.'s appointment is contingent upon

satisfaction by the U.S. Marshal for the Southern District of Florida (the "Marshal"), that its insurance meets the Marshal's requirements;

2. The Marshal is hereby authorized and directed upon his seizure of the Vessel to surrender the possession of the Vessel to RCI Marine, Inc.;

3. Upon the Marshal's surrender of the Vessel to RCI Marine, Inc., the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and be held harmless from any and all claims arising out of the substituted possession and safekeeping;

4. RCI Marine, Inc. shall, at the direction of the owner or Plaintiffs, and by appointment only, permit prospective purchasers to board and inspect the Vessel;

5. All of the Marshal's costs shall be paid prior to the Vessel's release and all further constructive costs will be borne by Plaintiffs;

6. RCI Marine, Inc. must sign a receipt for the Vessel and the Marshal must attest to the date and time of release on a Marshal's Return;

7. All of the Marshal's reasonable expenditures for the safekeeping of the Vessel shall be deemed administrative expenses in this action and a first charge on the Vessel, to be paid to the Marshal prior to the Vessel's release or distribution of the proceeds of its sale, and all further constructive costs shall be borne by Plaintiffs;

8. All reasonable expenditures of RCI Marine, Inc., or by any party advancing funds to RCI Marine, Inc., for the Vessel's safekeeping or maintenance shall

be deemed administrative expenses in this action and a first charge on the Vessel, to be paid prior to the Vessel's release or distribution of the proceeds of its sale;

9. The premiums charged for the liability insurance will be taxed as an expense of custody while the Vessel is in *custodia legis* pursuant to Local Admiralty Rule E(10)(d)(3); and

10. Plaintiffs' attorney will serve a copy of this Order on the Vessel's owner or any person filing a claim of ownership.

**DONE and ORDERED** in Chambers, in Miami, Florida, May 15, 2014.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All Counsel of Record